Angelito TRINIDAD; Ronnie Palermo; Herman Tejada; Esperaza David, Plaintiffs—Appellees,

v.

Merced B. PANGELINAN;, Defendant—Appellant,

Antonio ALOVERA, Plaintiff— Appellee,

and

John S. Pangelinan; Papa's Ltd., Defendants.

Angelito Trinidad; Ronnie Palermo; Herman Tejada; Esperaza David; Antonio Alovera, Plaintiffs—Appellees,

v.

Merced B. Pangelinan; Papa's Ltd., Defendants,

and

John S. Pangelinan, Defendant— Appellant.

Angelito Trinidad; Ronnie Palermo; Herman Tejada; Esperaza David; Antonio Alovera, Plaintiffs—Appellees,

v.

Merced B. Pangelinan; John S. Pangelinan, Defendants— Appellants.

Angelito Trinidad; Ronnie Palermo; Herman Tejada; Esperaza David; Antonio Alovera, Plaintiffs—Appellees,

v.

John S. Pangelinan; Merced B. Pangelinan, Defendants— Appellants.

Nos. 00–15697, 00–15705, 00–16630, 01–16622.

D.C. No. CV–97–00073–ARM.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2002.*

Decided March 19, 2002.

* This panel unanimously finds this case suit-    able for decision without oral argument. See

Before SNEED, BRUNETTI, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

In consolidated appeal Nos. 00–15697 and 00–15705, Merced B. and John S. Pangelinan appeal pro se the Commonwealth of the Northern Mariana Islands ("CNMI") district court's judgment following a bench trial awarding damages against them in an action alleging they committed fraud and violated the civil Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).

We have jurisdiction pursuant to 28 U.S.C. § 1291. This court reviews for clear error the district court's findings of fact and *de novo* the district court's conclusions of law. *Howard v. United States,* 181 F.3d 1064, 1066 (9th Cir.1999). We affirm.

We conclude that the district court did not err by entering a judgment in favor of the plaintiffs because the plaintiffs carried

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

their burden of demonstrating that the Pangelinans committed fraud against them and violated the RICO statute. *See Wilcox v. First Interstate Bank,* 815 F.2d 522, 531 n. 7 (9th Cir.1987).

■ The Pangelinans' contention that the district court lacked personal jurisdiction over them is not persuasive because simply transacting business and owning real property in the Commonwealth subjects the Pangelinans to the district court's personal jurisdiction. *See* 7 N. Mar. I.Code § 1102(a)(1) and (6) (2000).

■ The Pangelinans' contention that the district court erred by denying their motion to dismiss for improper venue lacks merit. The CNMI is the proper venue in this action because all of the events giving rise to the plaintiffs' claims occurred in the CNMI. *See* 28 U.S.C. § 1391(a)(1) and (2).

The Pangelinans' assertion that the district court erred by denying their Fed. R.Civ.P. 12(b)(5) motion to dismiss for insufficient service of process is not persuasive. *See* 7 N. Mar. I.Code § 1104 (2000).

Because the fourth amended complaint contained ample specificity concerning the fraud, the district court properly denied the Pangelinans' motion to dismiss. *See Moore v. Kayport Package Express,* 885 F.2d 531, 540 (9th Cir.1989).

The district court properly granted summary judgment on the issue of piercing the corporate veil because the plaintiffs demonstrated that the corporation was the alter ego of the Pangelinans, and the Pangelinans failed to set out facts demonstrating a genuine issue for trial. *See UA Local 343 v. Nor-Cal Plumbing, Inc.,* 48 F.3d 1465, 1471 (9th Cir.1994).

■ Because the district court of CNMI maintains original jurisdiction over federal question cases including actions arising under the federal RICO statute, which was enacted in 1970, and applies to the CNMI, *see* 48 U.S.C. § 1822, the district court properly exercised jurisdiction over plaintiffs' RICO claim.

The district court properly denied the Pangelinans motion to dismiss the plaintiffs' RICO claims because the plaintiffs discovered their injury within the four year statute of limitations period. *See Pincay v. Andrews,* 238 F.3d 1106, 1108 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 195, 151 L.Ed.2d 137 (2001).

■ Because the district court considered the egregiousness of the fraud committed against the plaintiffs in determining the nature and extent of the damages awarded them, the Pangelinans' contention that the district court abused its discretion is not persuasive. *See DeNieva v. Reyes,* 966 F.2d 480, 487 (9th Cir.1992).

■ In companion appeal No. 00–16630, the Pangelinans appeal the district court's order issuing writs of attachment and execution and levy on their bank account to satisfy the trial judgment. Because the Pangelinans failed to comply with an order of the court and provide a property bond to obtain a formal stay of the judgment pursuant to Fed.R.Civ.P. 62(d), the district court properly issued the writs of attachment and execution and levy.

In companion appeal No. 01–16622, the Pangelinans appeal the sale of their real property to satisfy the judgment against them, and the entry of a preliminary injunction preventing them from interfering with the lessee of one of the properties under writ. Because the properties were properly sold at auction after required notice was given, *see* 7 CMC § 4204, and the transfer of fifty-five (55) year interests in the land to the plaintiffs was not prohibited by the CNMI Constitution, *see Diamond Hotel Co., Ltd. v. Matsunaga,* 4 N.M.I. 213 (1995), the district court prop-

erly ordered and supervised the sale of the Pangelinans' real property to satisfy the judgment against them. The district court also did not abuse its discretion by entering a preliminary injunction prohibiting the Pangelinans from further attempting to frustrate the plaintiffs' efforts to collect against the judgment.

The Pangelinans' remaining contentions have been considered and rejected.

AFFIRMED.